UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
                                                     :
WILLIE R. MCNEIL, III,                               :
                                  Plaintiff,         :
                                                     :          23 Civ. 10015 (LGS)
                        -against-                     :
                                                     :                ORDER
NYC HHC, et al.,                                     :
                                  Defendants.         :
                                                     :
---------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, on November 11, 2023, pro se Plaintiff Willie R. McNeil, III, filed a

Complaint in this action against Defendants NYC Harlem Hospital Center, New York City and

New York State alleging violations of Title VII of the Civil Rights Act of 1964, the

Rehabilitation Act, the Americans with Disabilities Act, the New York State Human Rights Law

and the New York City Human Rights Law.

        WHEREAS, an Order dated November 29, 2023, scheduled the initial pretrial conference

for January 31, 2024 and directed the parties to file their preconference materials by January 24,

2024.

        WHEREAS, an Order dated November 29, 2023, referred this case to the Court's

Mediation Program for pro se employment discrimination cases.

        WHEREAS, an Order dated November 29, 2023, directed the Clerk of Court to issue

summonses as to Defendants and directed Plaintiff to serve the summons and complaint on each

Defendant within 90 days of issuance of the summonses.  The Order also stated that if within

those 90 days, Plaintiff has not either served Defendants or requested an extension of time to do

so, the Court may dismiss the claims against Defendants under Rules 4 and 41 of the Federal

Rules of Civil Procedure for failure to prosecute.

WHEREAS, the summonses were issued as to each Defendant on December 5, 2023, making Plaintiff's deadline to serve the summonses March 4, 2024.

WHEREAS, on December 5, 2023, the information package was mailed to Plaintiff, containing a copy of the order of service, among other materials.

WHEREAS, the parties did not file their preconference materials by January 24, 2024, and Plaintiff did not file proof of service or any other filing on the docket.

WHEREAS, an Order dated January 25, 2024, adjourned the initial pretrial conference from January 31, 2024, to February 21, 2024, directed Plaintiff to serve Defendants and provided guidance to Plaintiff on how to serve Defendants.

WHEREAS, the parties did not file their preconference materials by February 14, 2024, and Plaintiff did not file proof of service or any other filing on the docket.

WHEREAS, an Order dated February 20, 2024, directed Plaintiff to file proof of service or a letter stating whether Plaintiff intends to proceed with this case against Defendants by March 20, 2024.  The Order also apprised Plaintiff that failure to comply would result in dismissal of this case for failure to prosecute.

WHEREAS, Plaintiff has not filed proof of service or a letter as directed by the February 20, 2024, Order.  Defendants have not appeared in this action.  It is hereby

**ORDERED** that this action is dismissed without prejudice for failure to prosecute. Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute."  Fed. R. Civ. P. 41(b).  "A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a

balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014);[1] *accord Lopez v. 3662 Broadway Rest. Corp.*, No. 19 Civ. 975, 2023 WL 3847141, at *2 (S.D.N.Y. June 6, 2023). "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216.

The first factor, the duration of Plaintiff's failure to comply with court orders, is neutral. "There is no absolute measure by which to determine whether the delay is significant. Rather, the determination is case-specific: significant delay can range from weeks to years depending upon the circumstances." *Abarca v. Chapter 4 Corp.*, No. 18 Civ. 11206, 2019 WL 13221420, at *1 (S.D.N.Y. Mar. 21, 2019). While the period of non-compliance is shorter than in most cases that are dismissed for failure to prosecute, Plaintiff has failed to comply with the Court's repeated orders to serve Defendants or file a status letter. Due to Plaintiff's repeated failure to comply with the Court's orders, the case is effectively dormant and cannot proceed without Plaintiff's participation.

The second factor, whether Plaintiff was on notice that failure to comply would result in dismissal, weighs in favor of dismissal. The November 29, 2023, Order stated that Plaintiff's failure to serve Defendants or request an extension of the deadline to do so would result in dismissal for failure to prosecute. In addition, the February 20, 2024, Order again stated that Plaintiff's failure to serve Defendants or file a status letter would result in dismissal for failure to prosecute. The Court's order "provide[d] clear guidance on how [Plaintiff] could avoid dismissal." *Baptiste*, 768 F.3d at 218.

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, footnotes and citations are omitted.

The third factor, whether Defendant is likely to be prejudiced by further delay in the proceedings, weighs against dismissal.  As stated previously, the delay is not as lengthy as in other cases dismissed for failure to prosecute, and Plaintiff is proceeding pro se.

The fourth factor, a balancing of the Court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard, is neutral.  "There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court."  *Sanchez v. Cnty. of Dutchess*, No. 21 Civ. 2408, 2023 WL 3047971, at *2 (2d Cir. Apr. 24, 2023) (summary order).  "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner."  *Toro v. Merdel Game Mfg. Co.*, No. 22 Civ. 8505, 2023 WL 2368986, at *2 (S.D.N.Y. Mar. 6, 2023).  Plaintiff's conduct has required the Court to issue additional orders and adjust its conference calendar repeatedly.  However, because the burden is not "extreme," *Sanchez*, 2023 WL 3047971, at *2, this factor is neutral.

Finally, the fifth factor, whether the Court has adequately considered a sanction less drastic than dismissal, weighs in favor of dismissal.  "A lesser sanction is unlikely to persuade Plaintiff to participate as he has already been informed that his failure to participate may lead to the dismissal of his action, but he has not responded."  *Abarca*, 2019 WL 13221420, at *2.

For the foregoing reasons, this action is dismissed without prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is respectfully directed to close the case.

Dated: March 21, 2024
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

4